UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMELL ADAMS DERRON,

                Plaintiff,            Civil Action No. 22-11400

v.                                       Terrence G. Berg
                                          United States District Judge

TRANSUNION,                        David R. Grand
                                          United States Magistrate Judge

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

On June 22, 2022, *pro se* plaintiff Lamell Adams Derron ("Derron") filed a complaint in this matter against defendant Transunion ("Defendant"). (ECF No. 1). On July 11, 2022, an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal" was issued by the Court. (ECF No. 5). In that Order, Derron was informed that, within fourteen calendar days, he was required to complete and present to the Clerk's Office certain documents necessary to effect service in this case. (*Id.*). Derron failed to submit the required documents by the deadline, and on August 26, 2022, the Court ordered Derron to show cause why this case should not be dismissed without prejudice due to his failure to submit the requisite service-related documents. (ECF No. 8). Alternatively, the Court advised Derron that he could submit such documents to the Clerk's Office on or before September 12, 2022. (*Id.*).

After Derron provided the requisite service-related documents to the Clerk's Office,

on September 14, 2022, a summons was issued for Defendant based on the address Derron provided – U.S. Corp, 601 Abbot Road, East Lansing, MI 48823 – and the U.S. Marshal Service acknowledged receipt of those documents on September 29, 2022. (ECF Nos. 9, 10). However, on December 2, 2022, the summons was returned unexecuted, apparently because the addressee/address Derron provided was not a proper address for service on Defendant. (ECF No. 11).

As a result, on December 22, 2022, the Court issued an Order requiring Derron to show cause why this action should not be dismissed for failure to timely accomplish service, stating as follows:

> Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be made upon a defendant within 90 days after filing the complaint; otherwise . . . the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> At this point, it has been six months since Derron filed his complaint, and as it stands, there is no indication that he has properly effectuated service on the Defendant at the proper address. Accordingly, Derron is hereby **ORDERED TO SHOW CAUSE**, in writing, on or before **January 13, 2023**, why this action should not be dismissed, without prejudice, because of his failure to timely accomplish service.

(ECF No. 12, PageID.27). To date, however, Derron has not filed any response to that order, and there is still no indication that service been properly effectuated on Defendant.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss an action for these reasons, a court should consider (1) whether the

2

party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that three of the four factors weigh in favor of dismissal.[1] First, despite the Court putting Derron on notice of his failure to provide the proper address necessary to effectuate service on Defendant, he has failed to respond to the Court's Order to Show Cause, or to otherwise take steps to ensure that service is accomplished. While the Court does not presume this is the result of bad faith or willfulness, Derron is clearly at fault for failing to provide the proper address to effect service in this case.

The third and fourth factors weigh in favor of dismissal in light of the Court's Order to Show Cause; Derron simply failed to respond to that order, which was issued nearly two months ago, and which specifically warned him that failure to comply with its terms would lead to dismissal of this action without prejudice. (ECF No. 12, PageID.27). Thus, Derron has been on notice of his failure to provide the proper address for service on Defendant for

---

[1] The Court can find no prejudice to defendant by virtue of Derron's failure to complete documents for service, and, thus, the second factor is not satisfied here.

3

almost two months and has taken no steps to remedy this deficiency or show that the address he provided for Defendant is correct.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) due to Derron's failure to provide the proper address necessary to effectuate service on Defendant, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice; if Derron determines the proper address where Defendant can be served, he may re-file his complaint. Accordingly, the Court **RECOMMENDS** that Derron's complaint be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 21, 2023　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also*

4

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2023.

                                                     s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager